UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
2015 MSPB 43

Docket No. SF-3330-13-1464-B-1

**Corey D. Stoglin,**

**Appellant,**

**v.**

**Department of the Air Force,**

**Agency.**

July 9, 2015

Corey D. Stoglin, Minneapolis, Minnesota, pro se.

Eugene R. Ingrao, Sr., Arlington, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which dismissed his claim under the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) for lack of jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted.  For the reasons set forth below, we DENY the petition for review for failure to meet the Board's criteria for review.  *See* 5 C.F.R. § 1201.115.  We VACATE our previous finding in *Stoglin v. Department of the Air Force*, MSPB Docket No. SF-3330-13-1464-I-1, Remand Order (Sept. 23, 2014) (Remand Order), that we have jurisdiction over the appellant's USERRA claim, and we VACATE the remand initial decision to the

extent that the administrative judge found that the appellant failed to state a claim upon which relief could be granted. We DISMISS the appellant's USERRA claim for lack of jurisdiction.

## BACKGROUND

¶2 The appellant filed an appeal with the Board, under both USERRA and the Veterans Employment Opportunities Act of 1998 (VEOA), regarding his nonselection for the GS-12 position of Equal Employment Manager with the Hawaii Air National Guard (Vacancy Announcement No. FS-406716-SK11). MSPB Docket No. SF-3330-13-1464-I-1, Initial Appeal File (IAF I-1), Tab 1, Tab 5 at 4-5. The administrative judge dismissed the appellant's USERRA claim for lack of jurisdiction, without holding the hearing he requested, finding that he failed to nonfrivolously allege that his name was not referred for further consideration on the best qualified list because of his military service. IAF I-1, Tab 14, Initial Decision (ID I-1) at 4-5. She also dismissed his VEOA claim. ID I-1 at 5-7.

¶3 The appellant filed a petition for review, which the Board granted only as to his USERRA claim. The Board found that the appellant's conclusory assertions that the selectee was a nonveteran, and that the agency failed to select him because of his status as a traditional reservist as a result of an improper merit system it employs to give preference to active reservists, were sufficient to establish Board jurisdiction over his USERRA claim. Remand Order at 8-10. Accordingly, the Board remanded the USERRA claim to the regional office for a hearing.[1] Remand Order at 10.

---

[1] The Board dismissed the appellant's VEOA claim as untimely filed, vacating the initial decision insofar as it dismissed the claim on other grounds. Remand Order at 3-8. We do not disturb our prior finding regarding the appellant's VEOA claim.

¶4          On remand, the administrative judge again dismissed the USERRA claim for lack of jurisdiction without a hearing.  MSPB Docket No. SF-3330-13-1464-B-1, Remand File (RF), Tab 17, Remand Initial Decision (RID).   Based on arguments raised in an agency motion to dismiss, RF, Tab 11, to which the appellant responded, *id*., Tab 15, the administrative judge found that the Hawaii Air National Guard is a state agency and that, as such, the appellant must bring his USERRA claim before a state court, RID at 4-6.  However, in light of the Board's previous finding of jurisdiction, she found, in the alternative, that the appeal fails to state a claim upon which relief can be granted.[2]  RID at 6-7. Specifically, she found that a Board order against the Hawaii Air National Guard would be unenforceable and that, therefore, the appellant would not be able to receive any effective relief even if jurisdiction existed and he prevailed.  *Id.*

¶5          The appellant timely petitioned for review of the remand initial decision, stating only that he was "requesting a review of the initial decision in this case." MSPB Docket No. SF-3330-13-1464-B-1, Petition for Review File (PFR File), Tab 1 at 3.  He requested an extension of time to "submit a more detailed petition for review."  *Id.*  The Clerk of the Board granted the appellant an extension until March 27, 2015, to supplement his petition for review.  PFR File, Tab 2.  The appellant failed to timely[3] supplement his petition for review.

---

[2] Because the Board lacks jurisdiction over the USERRA claim, we vacate the portion of the remand initial decision finding that the appellant failed to state a claim upon which relief could be granted.  *See* RID at 6-7; *see also White v. U.S. Postal Service*, 114 M.S.P.R. 574, ¶ 11 (2010) (finding that dismissal for failure to state a claim is improper if an appellant fails to establish jurisdiction over his appeal because this disposition goes to the merits of the appeal, which the Board cannot reach if it lacks jurisdiction).

[3] The appellant filed his supplement on March 30, 2015, acknowledging that it was submitted "after the close of the record."  PFR File, Tab 3 at 4.  Once the record closes on review, the Board will not accept any additional evidence or argument unless it is new and material.  5 C.F.R. § 1201.114(k).  The appellant has made no such showing. He requests to submit a decision by a U.S. Equal Employment Opportunity Commission

## ANALYSIS

The appellant's petition for review fails to meet the criteria for review.

¶6        A petition for review must state a party's objections to the initial decision, including all of the party's legal and factual arguments, and must be supported by specific references to the record and any applicable laws or regulations. 5 C.F.R. § 1201.114(b). The appellant's bare statement that he is "requesting a review of the initial decision" fails to satisfy these requirements and does not establish any basis for review under 5 C.F.R. § 1201.115. Therefore, his petition for review is DENIED. *See Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 11 (2013) (citing *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980) (before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect, and identify the specific evidence in the record which demonstrates the error)).

---

(EEOC) administrative judge, asserting that it was previously unavailable. PFR File, Tab 3 at 4. However, the decision was issued in January 2012, and, thus, is not new. *Id.* at 30; *see, e.g.*, *Confer v. Office of Personnel Management*, 111 M.S.P.R. 419, ¶ 5 (2009) (finding that a document submitted for the first time on review, which was dated before the close of record below, did not constitute new evidence). The decision is also immaterial because we are not required to defer to the EEOC's interpretation of what constitutes a civil service law, rule, or regulation, the interpretation of which falls squarely within the purview of the Board's area of expertise. *See* 5 U.S.C. § 7702(c)(2). Moreover, there is no evidence that the EEOC administrative judge's recommended decision became the EEOC's final decision. *See* 29 C.F.R. § 1614.110(a). The appellant also attaches a September 2014 Report of Assessment of the Alaska Air National Guard, completed by the National Guard Bureau, and a June 2014 Organizational Climate Survey completed by the Defense Equal Opportunity Management Institute. PFR File, Tab 3 at 31-253. He asserts that these documents relate to the duties and training requirements of the position for which he applied, but such information is irrelevant to the issue of jurisdiction. *Id.* at 5. He also makes specific challenges to the remand initial decision, but provides no explanation as to why he failed to timely raise these arguments earlier and does not address the statutory and regulatory provisions at the heart of the jurisdictional issue in this appeal. *Id.* at 4-5. Based on the foregoing, we decline to consider the appellant's supplement to his petition for review.

The Board lacks jurisdiction over the appellant's USERRA claim.

¶7    The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Moreover, the issue of the Board's jurisdiction is always before the Board and may be raised at any time. *Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010). Thus, notwithstanding our denial of the appellant's petition for review, we have reconsidered our previous jurisdictional determination regarding the appellant's USERRA claim.

¶8    As noted above, the appellant applied for employment with the Hawaii Air National Guard and the position for which he applied was advertised as a nondual status position. RF, Tab 13 at 4; IAF I-1, Tab 8 at 72-73, 79. The employment of such nondual status employees is authorized by 10 U.S.C. § 10217(a), and the incumbents are civilian employees. 10 U.S.C. § 10217(a). Although they are employees of the Department of Defense, and thus considered federal employees for most purposes, National Guard civilian technicians are considered state employees for USERRA purposes. Title 38, United States Code, section 4303(4)(B), which is part of the statutory section containing definitions applicable to USERRA, specifically states that, "[i]n the case of a National Guard technician employed under section 709 of title 32, the term 'employer' means the adjutant general of the State in which the technician is employed." Likewise, the Department of Labor's regulations implementing USERRA state that "[a] National Guard civilian technician is considered a State employee for USERRA purposes, although he or she is considered a Federal employee for most other purposes." 20 C.F.R. § 1002.306. The Department of Labor's regulations go on to explain that, "[a]n action brought against a State Adjutant General, as an employer of a civilian National Guard technician, is considered an action against a State for purposes of determining which court has jurisdiction," and that an action under USERRA against a state "may be brought in a State court of competent jurisdiction according to the laws of the State." 20 C.F.R.

§ 1002.305(b), (d). We therefore conclude that the appellant's USERRA claim against the Hawaii Air National Guard is not properly before the Board and we dismiss it for lack of jurisdiction.

## ORDER

¶9 This is the final decision of the Merit Systems Protection Board regarding both the appellant's USERRA claim and VEOA claim in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide

for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at <u>http://www.mspb.gov/probono</u> for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.