# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| THOMAS BARNES, | DOCKET NUMBER |
| Appellant, | PH-315H-15-0143-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: August 4, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Thomas Barnes, Dover, New Hampshire, pro se.

Paul T. Weaver, Portsmouth, New Hampshire, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal of his termination during his probationary period for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective June 30, 2014, the agency appointed the appellant to a WG-5 Painter Helper position, which was subject to a 1-year probationary period. Initial Appeal File (IAF), Tab 5 at 13. Effective December 12, 2014, the agency terminated the appellant based on unauthorized absences and his placement on the "delinquent tool report for failure to return tools to the tool crib" on three occasions. *Id.* at 15-16. The appellant timely appealed his termination to the Board and requested a hearing. IAF, Tab 1.

¶3 The administrative judge issued an order advising the appellant of the limited ways in which he could establish the Board's jurisdiction over his appeal; specifically, by raising a nonfrivolous allegation that he was terminated based on partisan political reasons or marital status or that the termination was based in whole or in part on pre-appointment reasons, or by showing that he had, in fact, completed his probationary period or was otherwise an "employee" with appeal rights to the Board under 5 U.S.C. chapter 75. IAF, Tab 2. In response, the appellant argued that he had medical notes for his absences, that he had tried to text his supervisors or coworkers to let them know when he would not be in to work, and that he did not know that he had to turn in his tools every 3 days. IAF, Tab 6 at 1-4. He also stated that he believed he was "set up due to [his] race."

*Id.* at 4. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 5 at 4-5.

¶4 Without holding the requested hearing, the administrative judge found that the appellant had failed to show that he had completed his probationary period or that he was an "employee" under 5 U.S.C. § 7511 with appeal rights to the Board, and that he had not nonfrivolously alleged that he was terminated for pre-appointment reasons or because of partisan political reasons or marital status. IAF, Tab 7, Initial Decision. Accordingly, the administrative judge dismissed the appeal for lack of jurisdiction. *Id.*

¶5 On February 17, 2015, the appellant electronically filed with the administrative judge a document titled "Reopening an Appeal Dismissed Without Prejudice," wherein he indicated that his case should be reopened because of "prejudice." Petition for Review (PFR) File, Tab 1. The agency responded in opposition. PFR File, Tab 2. On June 15, 2015, the regional office forwarded the matter to the Clerk of the Board for processing. PFR File, Tab 3. In a June 22, 2015 acknowledgment letter, the Clerk of the Board advised the parties that the Board could not reopen the appeal because the initial decision did not dismiss the appeal without prejudice, but rather dismissed the appeal for lack of jurisdiction. PFR File, Tab 4 at 1. The Clerk docketed the submission as a petition for review of the initial decision and advised the appellant that he had until July 2, 2015, to file a reply to the agency's response. *Id.* The appellant did not submit a reply.

¶6 A petition for review must state a party's objections to the initial decision, including all of the party's legal and factual arguments, and must be supported by specific references to the record and any applicable laws or regulations. 5 C.F.R. § 1201.114(b). The appellant's bare statement that his case should be reopened due to "prejudice" fails to satisfy these requirements and does not establish any basis for review under 5 C.F.R. § 1201.115. *See Stoglin v. Department of the Air Force*, 2015 MSPB 43, ¶ 6; *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 11 (2013). Furthermore, the administrative judge notified the appellant of his

jurisdictional burden of proof and the appellant failed to allege facts that, even if true, would vest the Board with jurisdiction.  In particular, he does not contest that he was serving as a probationary employee and that he was terminated for post-appointment reasons.  Nor does the appellant allege that his termination was based on his marital status or partisan political reasons.  Accordingly, we find no basis to disturb the initial decision.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: 

_____
William D. Spencer
Clerk of the Board

Washington, D.C.